FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 0 6 2013

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CHRISTOPHER DOSS

VS.                                    CASE NO. 4:13cv121 SWW

THE CITY OF ALEXANDER; CHIEF HORACE
WALTERS, INDIVIDUALLY AND AS POLICE
CHIEF FOR THE ALEXANDER POLICE
DEPARTMENT; JEFFREY WATSON, IN HIS
INDIVIDUAL CAPACITY; WILLIAM BLANKENSHIP,
IN HIS INDIVIDUAL CAPACITY; SALINE COUNTY;
BRUCE PENNINGTON, INDIVIDUALLY AND AS
SALINE COUNTY SHERIFF; TIM GREEN, IN HIS
INDIVIDUAL CAPACITY; PAUL BABBITT, IN HIS
INDIVIDUAL CAPACITY; JERRY ODOM, IN HIS
INDIVIDUAL CAPACITY

This case assigned to District Judge Wright
and to Magistrate Judge Young

## COMPLAINT

COMES NOW Christopher Doss by and through his attorney and for his Complaint against the Defendants state:

### Introduction

This is an action for damages sustained by a citizen of Arkansas and the United States of America against the City of Alexander, the Alexander Police Department including its chief and two of its' officers, Saline County, and the Saline County Sheriff's Office including two of its' officers who did on or about October 9, 2011 unlawfully assault, batter, imprison and otherwise utilize unreasonable force against the Plaintiff in violation of the Plaintiff's constitutional rights.

## Jurisdiction and Venue

1. Jurisdiction in this action is brought pursuant to 42 U.S.C. §1983, 28 U.S.C. §1331 and §1343.  Plaintiff invokes this Court's jurisdiction to hear its supplemental state claims including violations of the Arkansas Civil Rights Act, Ark. Code Ann. Sections 16-123-101 *et. seq.* pursuant to 42 U.S.C. § 1367.

2. Relief is sought under and proper pursuant to the state and federal statutes enumerated in Paragraph 1 of this Complaint as well as various provisions of the Federal Code of Civil Procedure.

3. Venue in this district is proper under 28 U.S.C.A. §1391(b) as the parties reside in this judicial district and the events giving rise to this action occurred in this judicial district.

## Parties

4. Plaintiff Christopher Doss is a black, African American male who resides in the City of Alexander, State of Arkansas.  At all times relevant, he was a resident of Pulaski County, Arkansas and a citizen of the United States of America.

5. Defendant City of Alexander is a municipality of the State of Arkansas and owns, operates, manages and controls the Alexander Police Department which at all times relevant to this Complaint, employed Defendants Walters, Watson and Blankenship.

6. Defendant Horace Walters was at all times relevant to this Complaint the Chief of Police for the Alexander Police Department and acted under the color of state law. He is being sued in his individual and official capacity.

7. Defendant Saline County is a public body corporate created by the General Assembly for the State of Arkansas pursuant to Arkansas Code Ann. §14-14-501. Said Saline County, Arkansas owns and operates a sheriff's department to keep the peace and order of said county. Defendants Pennington, Green, Babbitt and Odom were at all times relevant herein employees of Saline County.

8. Defendant Bruce Pennington was at all times relevant to this Complaint the Sherriff for Saline County and acted under the color of state law. He is being sued in his individual and official capacity.

## FACTS

9. On October 9, 2011, Mr. Doss was standing in this front yard, in the City of Alexander, Arkansas with the mother of his children.

10. Mr. Doss and the mother began to argue, and the mother called the police department for an escort off of the property. At no time during this argument did Mr. Doss assault or threaten to assault her. Further, there were not any physical altercations between them.

11. Officers Watson and Blankenship arrived at Mr. Doss' house. They watched the mother retrieve her things, get into the car with the children and drive away from Mr. Doss' house without incident.

12. Officer Watson and Blankenship then drove away from Mr. Doss' property.

13. However, Officer Watson and Blankenship then conspired with officers of the Saline County Police Department. For absolutely no reason, all of the officers decided to return to Mr. Doss' house.

14. They approached Mr. Doss who was still standing on his property. One of the officers ordered Mr. Doss to the ground. When Mr. Doss asked why, the law enforcement officer answered him by shooting him with a taser.

15. While on the ground, they tasered him at least twice more. The officers were laughing and giving each other high fives.

16. The officers did not have any reason to come back to Mr. Doss' house, and did not have any reason to arrest him.

17. Assuming *arguendo* that there was a legitimate reason to place Mr. Doss under arrest, the Defendant officers never attempted to place Plaintiff under arrest using a lower level of force. Instead, in violation of Saline County's use of force policy, they immediately and without warning resorted to a totally unnecessary higher gradation of force, causing Mr. Doss intense pain and discomfort.

18. The acts and conduct of Defendants complained of herein were knowing, purposeful, willful and malicious.

19. Mr. Doss was wrongfully charged with public intoxication, disorderly conduct, resisting arrest and terroristic threatening.

20. Although he was arrested in Pulaski County, he was transported to Saline County. The taser probes were eventually removed by the Saline County jailer.

21. All charges against him were eventually *nolle prossed* by the Alexander City Prosecutor.

22. Before this incident, Mr. Doss submitted a written complaint to the City of Alexander regarding the illegal conduct and racial profiling by members of the Alexander City Police.

23. The acts of Defendants Blankenship and Watson were part of a pattern of conduct and a generalized practice of police officers in the City of Alexander, authorized and sanctioned and approved by officials of the Alexander Police Department.

24. Defendant Walters knowingly, and/or with reckless or callous indifference to the Constitutional rights of the citizens of Alexander, permitted and/or maintained a widespread custom and practice of permitting acts of excessive force, false arrests, harassment and other Constitutional violations by covering up allegations of police excessive force, performing meaningless internal investigations, failing to perform any investigations and/or failing to discipline offending officers. His pattern of police misconduct was so pervasive as to constitute a "custom or usage" with the force of law.

## All Counts

25. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1-24.

26. The acts and conduct of all Defendants complained of herein constitute violations of the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

27. The acts and conduct of the Defendants complained of herein constitute violations of 42 U.S.C § 1981 and 42 U.S.C. § 1985.

28. The force used by Defendants was excessive, unnecessary and objectively unreasonable, and proximately caused Mr. Doss' personal injuries, and pain. Their conduct proximately caused a deprivation of the rights, privileges and immunities secured Mr. Doss in violation of the Constitutions of Arkansas and the United States.

29. The acts and conduct of all Defendants complained of herein constitute a violation of the Arkansas Civil Rights Act, Ark. Code Ann. Sections 16-123-101 *et. seq.*

30. Chief Walters and the City of Alexander failed to properly vet, hire, train and supervise officers from the Alexander Police Department.

Prayer for Relief

31. In consideration of the foregoing, Plaintiff, Christopher Doss, prays the Clerk set this matter for trial by jury and, upon a hearing and verdict thereon, prays for this Court to issue a Judgment:

a. Declaring the acts and conduct of all Defendants complained of herein to constitute violations of the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, specifically that Defendants arrested Plaintiff without a reasonable basis to believe that he had committed a crime and that Defendants used force greater than that necessary to effect the arrest; and that Defendants assaulted and battered Plaintiff simply for asking why he was being arrested;

b. Declaring the acts and conduct of Defendants complained of herein constitute violations of 42 U.S.C § 1981 and 42 U.S.C. § 1985, in that they retaliated against Mr. Doss for his previous complaints about the unlawful and racially discriminatory conduct of the Alexander City Police, and that all Defendants conspired to deprive him of his stator and constitutional rights;

c. Declaring the acts and conduct of all Defendants complained of herein to deprive Plaintiff of his rights afforded to him under the Arkansas Constitution, and therefore, actionable pursuant to the Arkansas Civil Rights Act, Ark. Code Ann. §16-123-101 *et. seq.*;

d. Finding that the City of Alexander has failed to properly train and supervise the officers of the Alexander Police Department;

e. Awarding Plaintiff actual monetary and compensatory damages and in an amount to be proved at trial but, in any event, greater than that amount necessary to establish diversity jurisdiction;

f. Awarding Plaintiff punitive damages against Defendants;

g. Awarding Plaintiff his costs incurred in bringing this action, including reasonable attorney's fees pursuant to 42 U.S.C. § 1988;

h. Specifically enjoining Defendants from any further acts or conduct in derogation of their duty to preserve the constitutional rights of citizens with whom officers of the City of Alexander come into contact; and

i. Awarding Plaintiff all other just and equitable relief to which he may be entitled.

Respectfully submitted,

/s/ Bridgette M. Frazier

Bridgette M. Frazier
Attorney at Law
Bar No. 99-036
1723 S. Broadway
Little Rock, AR 72206
501-374-3758 (tel.)
501-374-4187 (facsimile)
bmf@thefrazierlawfirm.com