IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CHRISTOPHER DOSS                                                                    PLAINTIFF

VS.                                       NO. 4:13-CV-121SWW

THE CITY OF
ALEXANDER, ET AL                                                              DEFENDANTS

## ANSWER OF SEPARATE DEFENDANTS, SALINE COUNTY, BRUCE PENNINGTON, TIM GREEN, AND JERRY ODOM

COME the separate Defendants, Saline County; Bruce Pennington, individually and in his official capacity as Sheriff of Saline County, Arkansas; Tim Green, individually and in his official capacity; and Jerry Odom, individually and in his official capacity, by their attorneys, Fuqua Campbell, P.A., and for their Answer to the Complaint of the Plaintiff, Christopher Doss, state:

1. The separate Defendants admit that this Court has jurisdiction, including supplemental jurisdiction.

2. The separate Defendants acknowledge the bases of the Plaintiff's actions.

3. The separate Defendants admit that venue is proper.

4. The separate Defendants admit that the Plaintiff is black and that he resided in the City of Alexander, Pulaski County, Arkansas, at all times relevant to this case and is a citizen of the United States.

5. The separate Defendants admit that the City of Alexander is a municipality formed under the laws of the State of Arkansas and that it has a police department and employed Defendants Walters, Watson, and Blankenship. The separate Defendants deny the remaining allegations of paragraph 5 of the Complaint.

1

6. The separate Defendant admits the allegations of paragraph 6 of the Complaint.

7. The separate Defendants admit that Saline County is a county organized and existing under and by virtue of the laws of the State of Arkansas and admit that there is a Saline County Sheriff's Office. The separate Defendants admit that the Sheriff's Office has responsibility for keeping the peace and order within Saline County. The separate Defendants admit that Green and Babbitt were County employees at the time of the incident alleged in the Complaint. The separate Defendants deny the remaining allegations of paragraph 7 of the Complaint.

8. The separate Defendants admit the allegations of paragraph 8 of the Complaint.

9. The separate Defendants admit that the Plaintiff was standing in front of a house in the City of Alexander on October 9, 2011, but deny the remaining allegations of paragraph 9 of the Complaint.

10. The separate Defendants lack knowledge and information sufficient to form a belief as to the truth of the averments of paragraph 10 of the Complaint and therefore deny them.

11. The separate Defendants lack knowledge and information sufficient to form a belief as to the truth of the averments of paragraph 11 of the Complaint and therefore deny them.

12. The separate Defendants lack knowledge and information sufficient to form a belief as to the truth of the averments of paragraph 12 of the Complaint and therefore deny them.

13. The separate Defendants deny that they conspired with Watson and Blankenship and deny that Saline County deputies went to the property for no reason.

14. The separate Defendants admit that Green deployed his taser on the Plaintiff but deny the remaining allegations of paragraph 14 of the Complaint.

15. The separate Defendants deny the allegations of paragraph 15 of the Complaint.

16. The separate Defendants deny the allegations of paragraph 16 of the Complaint and state that they did not "come back" to the Plaintiff's residence but were called there by Alexander police officers.

17. The separate Defendants deny the allegations of paragraph 17 of the Complaint.

18. The separate Defendants deny the allegations of paragraph 18 of the Complaint.

19. The separate Defendants deny the allegations of paragraph 19 of the Complaint.

20. The separate Defendants admit that the taser probes were removed and that the Plaintiff was taken to the Saline County jail and admit that the location of the Plaintiff's arrest is in Pulaski County.

21. The separate Defendants lack knowledge and information sufficient to form a belief as to the truth of the averments of paragraph 21 of the Complaint and therefore deny them.

22. The separate Defendants lack knowledge and information sufficient to form a belief as to the truth of the averments of paragraph 22 of the Complaint and therefore deny them.

23. The separate Defendants lack knowledge and information sufficient to form a belief as to the truth of the averments of paragraph 23 of the Complaint and therefore deny them.

24. The separate Defendants lack knowledge and information sufficient to form a belief as to the truth of the averments of paragraph 24 of the Complaint and therefore deny them.

25. The separate Defendants incorporate the foregoing statements and allegations.

26. The separate Defendants deny the allegations of paragraph 26 of the Complaint.

27. The separate Defendants deny the allegations of paragraph 27 of the Complaint.

28. The separate Defendants deny the allegations of paragraph 28 of the Complaint.

29. The separate Defendants deny the allegations of paragraph 29 of the Complaint.

30. The separate Defendants lack knowledge and information sufficient to form a belief as to the truth of the averments of paragraph 30 of the Complaint and therefore deny them.

31.     The separate Defendants deny the allegations of paragraph 31 of the Complaint and deny that the Plaintiff is entitled to any relief.

32.     The separate Defendants deny, generally and specifically, each and every material allegation of the Complaint not admitted herein.

33.     The separate Defendants demand a jury trial in their own right.

## AFFIRMATIVE DEFENSES

1.     The Defendants, in their individual capacities, are entitled to qualified immunity from damages.

2.     The Plaintiff fails to state claims on which relief can be granted.

3.     Saline County and the separate Defendants, in their official capacities, are immune from claims for punitive damages.

WHEREFORE, premises considered, the separate Defendants, Saline County, Bruce Pennington, individually and in his official capacity as Sheriff of Saline County, Arkansas; Tim Green, individually and in his official capacity; and Jerry Odom, individually and in his official capacity, pray that the Complaint of the Plaintiff, Christopher Doss, be dismissed with prejudice, for their costs herein, and for all other appropriate relief.

        **Fuqua Campbell, P.A.**
Attorneys at Law
425 West Capitol Ave., Suite 400
Little Rock, Arkansas 72201
501-374-0200
Attorneys for separate Defendants

By: David M. Fuqua
Ark. Bar No. 80048
E-mail: dfuqua@fc-lawyers.com

## CERTIFICATE OF SERVICE

I, David M. Fuqua, hereby certify that a copy of the foregoing pleading has been served via the Court's CM/ECF system on:

    Bridgette M. Frazier (bmf@thefrazierlawfirm.com)

    John Lennon Wilkerson (jwilkerson@arml.org)

on this 18th day of April, 2013.

David M. Fuqua

6