IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CHRISTOPHER DOSS                                                                           PLAINTIFF

V.                                     NO. 4:13CV00121 SWW

THE CITY OF ALEXANDER; CHIEF HORACE
WALTERS, INDIVIDUALLY AND AS POLICE
CHIEF FOR THE ALEXANDER POLICE
DEPARTMENT; JEFFREY WATSON, IN HIS
INDIVIDUAL CAPACITY; WILLIAM BLANKENSHIP,
IN HIS INDIVIDUAL CAPACITY; SALINE COUNTY;
BRUCE PENNINGTON, INDIVIDUALLY AND AS
SALINE COUNTY SHERIFF; TIM GREEN, IN HIS
INDIVIDUAL CAPACITY; PAUL BABBITT, IN HIS
INDIVIDUAL CAPACITY; JERRY ODOM, IN HIS
INDIVIDUAL CAPACITY                                                                       DEFENDANTS

## SEPARATE ANSWER OF PAUL BABBITT

Comes separate Defendant Paul Babbitt, and for his answer to the Complaint of Plaintiff, states:

1. This Defendant admits that the Court has personal and subject-matter jurisdiction with regard to this case.

2. Paragraph 2 of the Complaint is not an allegation of liability or damages and does not require a response.

3. This Defendant admits that venue is proper.

4. This Defendant admits the allegations of paragraph 4, except that he has no knowledge regarding Plaintiff's county of residence.

5. This Defendant admits the allegations of paragraph 5.

6. This Defendant admits the allegations of paragraph 6.

7. The allegations of paragraph 7 do not constitute an allegation of liability or damages with respect to this separate Defendant.

8. The allegations of paragraph 8 do not constitute an allegation of liability or damages with respect to this separate Defendant.

9. This Defendant admits that Plaintiff was standing in front of a house in Alexander, Arkansas, on October 9, 2011, but he denies the remaining allegations of paragraph 9.

10. With regard to the allegations of paragraph 10, this Defendant lacks knowledge sufficient to either admit or deny those allegations, so must necessarily deny them.

11. With regard to the allegations of paragraph 11, this Defendant lacks knowledge sufficient to either admit or deny those allegations, so must necessarily deny them.

12. With regard to the allegations of paragraph 12, this Defendant lacks knowledge sufficient to either admit or deny those allegations, so must necessarily deny them.

13. To the extent that paragraph 13 alleges liability as against this separate Defendant, he denies the allegations of that paragraph.

14. To the extent that paragraph 14 alleges liability as against this separate Defendant, he denies the allegations of that paragraph.

15. This Defendant denies the allegations of paragraph 15.

16. This Defendant denies the allegations of paragraph 16.

17. This Defendant denies the allegations of paragraph 17.

18. This Defendant denies the allegations of paragraph 18.

19. This Defendant denies the allegations of paragraph 19.

20. With regard to the allegations of paragraph 20, this Defendant lacks knowledge sufficient to either admit or deny those allegations, so must necessarily deny them.

21. With regard to the allegations of paragraph 21, this Defendant lacks knowledge sufficient to either admit or deny those allegations, so must necessarily deny them.

22. With regard to the allegations of paragraph 22, this Defendant lacks knowledge sufficient to either admit or deny those allegations, so must necessarily deny them.

23. With regard to the allegations of paragraph 23, this Defendant lacks knowledge sufficient to either admit or deny those allegations, so must necessarily deny them.

24. With regard to the allegations of paragraph 24, this Defendant lacks knowledge sufficient to either admit or deny those allegations, so must necessarily deny them.

25. Paragraph 25 does not require a response.

26. This Defendant denies the allegations of paragraph 26.

27. This Defendant denies the allegations of paragraph 27.

28. This Defendant denies the allegations of paragraph 28.

29. This Defendant denies the allegations of paragraph 29.

30. With regard to the allegations of paragraph 30, this Defendant lacks knowledge sufficient to either admit or deny those allegations, so must necessarily deny them.

31. To the extent that it alleges liability as against this separate Defendant, paragraph 31 is denied.

32. This separate Defendant denies each and every material allegation of fact in the Complaint which is not specifically admitted herein.

**Affirmative Defenses**

33. This action is barred as against this Defendant by the doctrine of qualified immunity.

34. The Complaint does not state a claim upon which relief can be granted, and should be dismissed pursuant to the provisions of Rule 12(b)(6).

35. The Complaint does not state plausible factual allegations, and should be dismissed under the decision of *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007).

36. This Defendant denies that Plaintiff is entitled to punitive damages, but should punitive damages be awarded, those damages cannot be awarded in excess of the approved ratio between compensatory and punitive damages, as defined by the United States Supreme Court in its interpretation of the Due Process Clause as it relates to this issue.

37. Any injuries or damages sustained by Plaintiff were proximately caused by Plaintiff's own conduct or the conduct of other persons, and not the conduct of this Defendant.

38. This action is barred as against this Defendant by the doctrine of intervening causation.

39. This Defendant demands trial by jury for all issues so triable.

WHEREFORE, Defendant Paul Babbitt prays that the Complaint be dismissed as against him; for costs, including attorney's fees; and for all other proper relief.

/s/ George D. Ellis
GEORGE D. ELLIS (Ark. Bar No. 72035)
Attorney for Paul Babbitt
Ellis Law Firm, P.A.
126 North Main Street, P.O. Box 2307
Benton, Arkansas 72018
(501) 315-1000 (telephone)
(501) 315-4222 (fax)
*gellisinbenton@swbell.net*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on the 22nd day of April, 2013, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to all parties in interest.

                                       /s/ George D. Ellis
                                       GEORGE D. ELLIS