**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CHRISTOPHER DOSS                    *
                                    *
              Plaintiff             *
                                    *
V.                                  *
                                    *        NO: 4:13CV00121  SWW
CITY OF ALEXANDER, ET AL.           *
                                    *
              Defendants            *
                                    *

## ORDER

     Plaintiff Christopher Doss (Doss), who proceeds *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against Alexander Chief of Police Horace Walters (Walters), individually and in his official capacity;  Alexander Police Officers Jeffrey Watson (Watson) and William Blankenship (Blankenship), in their individual capacities; Saline County Sheriff Bruce Pennington (Pennington), individually and in his official capacity; and Saline County Sheriff Deputies Tim Green (Green) and Paul Babbit (Babbit), in their individual capacities.

     Before the Court is a motion for summary judgment by the City Defendants--Walters, Watson, and Blankenship.  The Court granted Doss an extended period of time in which to file a response in opposition to summary judgment, but the time for responding has now expired, and Doss has not filed a response.   After careful consideration, and for reasons that follow, the Court finds that each named defendant is entitled to summary judgment as to Doss's claims arising under federal law and that Doss's supplemental state law claims should be dismissed without prejudice, pursuant to 28 U.S.C. § 1367(c)(3).

## I.

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).   As a prerequisite to summary judgment, a moving party must demonstrate "an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once the moving party has properly supported its motion for summary judgment, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The non-moving party may not rest on mere allegations or denials of his pleading but must come forward with 'specific facts showing a genuine issue for trial. *Id.* at 587.  "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 401 (8th Cir. 1995).

## II.

The following facts are undisputed.[1]  On October 9, 2011, at approximately 12:03 a.m., Lashanda Billups called 911 and requested police assistance at a residence located in Alexander,

---

[1]Local Rule 56.1 provides that a party moving for summary judgment must submit a statement of the material facts as to which it contends there is no genuine issue to be tried, and the non-moving party must file a responsive statement of the material facts as to which it contends a genuine issue exists to be tried.  "All material facts set forth in the statement filed by the moving party . . . shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . . " Local Rule 56.1(c).

Arkansas.  Defendant Watson responded to the call, and Billups told him that she was attempting to remove her children from a residence that she shared with Doss.  When Watson approached the residence, Doss, who had been drinking, began cursing and screaming at Billups and Watson, and Watson requested backup assistance.

Doss eventually calmed down, and Watson cancelled his request for backup.  However, Defendants Blankenship, Green, and Billups were already near or at the scene.  Watson met the responding officers in the street and began telling them about the disturbance, and Doss appeared and began cursing and shouting at the officers.   The officers attempted to arrest Doss and repeatedly instructed him to lie on the ground, but he cursed at them, stated that he was not going to jail, and turned away.  Babbit then attempted to grab Doss's arm, but he resisted, and Green warned Doss that he would employ his taser gun if necessary.  Doss repeatedly refused the officers' orders, and he kicked the side of Watson's patrol unit.  Green "tased" Doss.  Doss went to the ground, but he continued struggling and placed his hands underneath his waistband.  *See* ECF No. 25-5 (Green Dep.) at 26.  Green testifies that he and the other officers could not tell whether Doss was reaching for a weapon, and one of the officers ordered Doss to show his hands.  Doss refused the order to show his hands, and Green warned him that he would use his taser unless he complied.  Doss again refused the order to show his hands, and Green "tased" him a second time, which enabled Babbit to grab one of Doss's hands and handcuff him.   Doss was arrested for disorderly conduct and drinking in public, and officers transported him to the Saline County Jail.  Doss reports that the charges against him were eventually *nolle prossed*.

On March 6, 2013, Doss filed this action pursuant to 42 U.S.C. § 1983, charging Defendants with wrongful arrest, excessive force, and retaliation, all in violation of his

constitutional rights. Doss also claims that Defendants conspired to deprive him of constitutional rights in violation of 42 U.S.C. § 1985, and he brings a variety of supplemental claims pursuant to state law.

## III.

Defendants Walters, Watson, and Blankenship assert that no genuine issues exist for trial with respect to the claims against them. For reasons that follow, the Court agrees and further finds that the non-moving defendants are entitled to summary judgment in their favor and that Doss's supplemental state law claims should be dismissed without prejudice.

**Wrongful Arrest**

The Fourth Amendment, made applicable to the states by the Fourteenth Amendment, guarantees "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures," and it requires probable cause for lawful searches and seizures. U.S. CONST. amend. IV; *Katz v. United States,* 389 U.S. 347, 357 (1967). Defendants had probable cause to arrest Doss if, at the moment of the arrest, the facts and circumstances within their knowledge, of which they had reasonably trustworthy information, were sufficient to warrant a prudent man in believing that Doss had committed or was committing an offense. *See Peterson v. City of Plymouth*, 60 F.3d 469, 473 (8th Cir. 1995) (quoting *Beck v. Ohio*, 379 U.S. 89, 85 (1964)).

Under Arkansas law, a person commits the offense of disorderly conduct if, with the purpose to cause public inconvenience, annoyance, or alarm or recklessly creating a risk of public inconvenience, annoyance, or alarm, he or she engages in fighting or in violent, threatening, or tumultuous behavior, or makes unreasonable or excessive noise. *See* Ark. Code

Ann.

§ 5–71–207.  Based on the undisputed evidence regarding Doss's conduct, any reasonable

officer in Defendants' position would have believed that he was committing the crime of

disorderly conduct.   The Court finds that Defendants had probable cause to arrest Doss and

finds no genuine issues for trial with respect to his claim for wrongful arrest.

**Excessive Force**

All claims that law enforcement officials have used excessive force in the course of an

arrest, investigatory stop, or other seizure of a free citizen should be analyzed under the Fourth

Amendment and its "reasonableness" standard.  *Graham v. Conner*, 490 U.S. 386, 395, 109 S.

Ct. 1865 (1989).  The test is whether the amount of force used was objectively reasonable under

the particular circumstances that confronted law enforcement officers. *See Littrell v. Franklin*,

388 F.3d 578, 583 (8th Cir.2004) (quoting *Greiner v. City of Champlin*, 27 F.3d 1346, 1354 (8th

Cir.1994)).   Relevant circumstances include the threat posed by the subject, the severity of the

crime, and whether the suspect resisted arrest. *Foster v. Metro. Airports Com'n*, 914 F.2d 1076,

1082 (8th Cir.1990).  Force that later seems unnecessary does not violate the Fourth Amendment

if it was reasonable at the time, giving consideration to the fact that the officer was forced to

make a "split second judgment" in a "tense, uncertain, and rapidly evolving" situation. *Graham

v. Connor*, 490 U.S. at 396-97 (1989).

Based on the undisputed evidence, officers attempted to subdue Doss with verbal

commands and warnings, but to no avail.  Doss kicked a patrol car, repeatedly resisted arrest,

and refused officers' orders to remove his hands from underneath his waistband.  Faced with

these circumstances, a reasonable officer would have perceived that the extent of force employed

by Green[2] was necessary to subdue Doss and effect his arrest.   The Court finds no genuine issues for trial with respect to Doss's excessive force claims.

**Retaliation**

Doss claims that Defendants arrested him because he had previously submitted a written complaint charging Alexander police officers with racial profiling.  The First Amendment prohibits government officials from subjecting an individual to retaliatory actions for speaking out.[3]  *See Hartman v. Moore*, 547 U.S. 250, 256, 126 S.Ct. 1695 (2006). "To prevail on a First Amendment retaliation claim, the [plaintiff] must show that [he] engaged in protected activity, that the defendants' actions caused an injury to the [plaintiff] that would chill a person of ordinary firmness from continuing to engage in the activity, and that a causal connection exists between the retaliatory animus and the injury." *Small v. McCrystal,* 708 F.3d 997, 1008 (8th Cir. 2013)(quoting *Bernini v. City of St. Paul,* 665 F.3d 997, 1007 (8th Cir. 2012)).

Here, given undisputed evidence showing that the Defendants had probable cause to arrest Doss, he is unable to show that his arrest was causally connected to his complaint regarding racial profiling. *See McCabe v. Parker*, 608 F.3d 1068, 1075 (8th Cir. 2010)(noting that lack of probable cause is a necessary element of a First Amendment retaliatory arrest claim).

**Conspiracy**

To prevail with a § 1985(3) conspiracy  claim, Doss must establish that the defendants

---

[2]Based on Doss's complaint allegations, Green is the only defendant who employed force against him.

[3]It appears from the complaint that Doss brings his retaliation claim under 42 U.S.C. § 1981.   Section 1981 gives "[a]ll persons . . . the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens."  42 U.S.C. § 1981(a).  Doss alleges that defendants retaliated against him for submitted a complaint regarding racial profiling, not a complaint regarding the right to make and enforce contracts. Accordingly, the Court finds § 1981 inapplicable.

6

conspired to deprive him of a constitutional right, that the defendants engaged in an overt act in furtherance of the conspiracy, and that the overt act injured him.  *See Askew v. Millerd*,  191 F.3d 953, 957 (8th Cir. 1999).  Additionally, Doss must prove a deprivation of a constitutional right–a conspiracy to deprive, without a deprivation, is insufficient.  *Id*.  Because Doss presents no facts showing that he suffered a constitutional deprivation, his conspiracy claim must fail.

### Official-Capacity Claims

A suit against a public employee in his or her official capacity is a claim against the public employer, in this case the City of Alexander and Saline County.   *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985).  It is fundamental that when the underlying conduct does not deprive a plaintiff of a federally protected right, an attendant §1983 claim against a municipal employer must fail.  *See Olinger v. Larson*, 134 F.3d 1362, 1367 (8th Cir. 1998) ("In light of our ruling that Detective Larson and Chief Satterlee did not violate Olinger's fourth amendment rights, Olinger's claims against the City . . . must also fail.");  *Abbot v. City of Crocker*, 30 F.3d 994, 998 (8th Cir. 1994) ("The City cannot be liable . . . whether on a failure to train theory or a municipal custom or policy theory, unless [an officer] is found liable on the underlying substantive claim.");  Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993) (holding that because defendant officers possessed probable cause to obtain an arrest warrant, no basis for liability existed for the city or county).

Because Doss presents no facts showing that his constitutional or federal rights were violated, his claims against the City and the County must fail.

### Individual-Capacity Claim against Walters

Doss sues Alexander Police Chief Horace Walters in his individual capacity, alleging that

he "failed to properly vet, hire, train and supervise officers . . . . " Am. Compl., ¶ 33.   Because

there is no *respondeat superior* liability in § 1983 actions, defendants may only be held liable for

their personal actions.  *Monell v. Department of Social Services*, 436 U.S. 658, 690-92 (1978);

*Otey v. Marshall*, 121 F.3d 1150, 1155 (8th Cir. 1997).   Furthermore, a supervisor can be liable

under § 1983 for failure to train or supervise only if that failure caused a constitutional

deprivation.  *See id*.   Given the absence of a constitutional deprivation in this case, Doss's

failure-to-train claims are without merit.

**Claims against Non-Moving Defendants**

Doss's individual-capacity claims against Saline County Deputies Green and Babbit are

identical to the claims he brings against Alexander Police Officers Watson and Blankenship.

Additionally, Doss's claim against Saline County Sheriff Bruce Pennington is identical to his

failure-to-train claim against Chief Walters.   The Saline County defendants did not join the

summary judgment proceedings.  However, district courts have the power to grant summary

judgment *sua sponte* when "the party against whom the judgment is entered has had a full and

fair opportunity to contest that there are no genuine issues of material fact to be tried and the

party granted judgment is entitled to it as a matter of law." *Burlington N. R.R. Co. v. Omaha*

*Pub. Power Dist*., 888 F.2d 1228, 1231 n.3 (8th Cir. 1989).  Here, Doss had a full and fair

opportunity to respond to the issues underlying the moving parties' right to judgment, and the

Court has no reason to delay the entry of judgment for the non-moving, County defendants.  *See*

*Chrysler Credit Corp. v. Cathey*, 977 F.2d 447, 449 (8th Cir.1992)(affirming a district court's *sua*

*sponte* grant of summary judgment where the non-moving party's "right to judgment turned on

the same issue as [the moving party's] right to judgment").

**State Law Claims**

Because the Court finds no issues for trial with respect to claims over which it has original jurisdiction, those claims will be dismissed with prejudice, and the Court will dismiss Doss's supplemental state law claims, without prejudice.   *See* 28 U.S.C. § 1367(c)(3)("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . . ").

## IV.

For the reasons stated, Separate Defendants' motion for summary judgment (ECF No. 23) is GRANTED, Plaintiff's claims arising under federal law are DISMISSED WITH PREJUDICE, and Plaintiff's supplemental state law claims are DISMISSED WITHOUT PREJUDICE. Pursuant to the judgment entered together with this order, this action is DISMISSED IN ITS ENTIRETY.

IT IS SO ORDERED THIS 9TH DAY OF JUNE,  2014.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE